UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00367-MOC-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ANTHONY LATREL PLAYER, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on its own Motion to Appoint Second Counsel. During a Rule 11(c)(1)(C) hearing conducted by the undersigned at the request of the parties, it was apparent to the Court that despite having excellent, experienced, and skilled counsel, Mr. Player was having difficulty understanding the Plea Agreement and in communicating with his court-appointed counsel. After conducting the Initial Appearance and the Arraignment, the Court continued the Rule 11(c)(1)(C) hearing as it appeared that defendant did not fully understand the Plea at that time.

In relevant part, the *Guide to Judiciary Policy, Vol. 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 2: Appointment and Payment of Counsel*, provides as follows concerning the compensation of co-counsel:

**§ 230.53.10 Without Separate Appointment**

(a) Unless separately appointed in accordance with § 230.53.20(b) or Guide, Vol 7A, § 620.10, co-counsel or associate attorneys may not be compensated under the CJA.

***

GJP, Vol. 7, Ch. 2 at §§ 230.53.10. In turn, § 230.53.20 provides as follows:

> **§ 230.53.20 With Appointment**
>
> (a) In an extremely difficult case where the court finds it in the interest of justice to appoint an additional attorney, each attorney is eligible to receive the maximum compensation allowable under the CJA.
>
> (b) The finding of the court that the appointment of an additional attorney in a difficult case was necessary and in the interest of justice must appear on the Order of Appointment. See: Guide, Vol 7A, § 620.10 for appointment of more than one attorney in capital cases.

GJP, Vol. 7, Ch. 2 at § 230.53.20.

Inasmuch as the stakes are high as the government could return a § 851 Notice and could seek greater charges during the upcoming Grand Jury, the Court has determined that appointment of a second attorney is appropriate. In accordance with § 230.53.20, the Court finds that this is a difficult case as it involves charges of trafficking in heroin, possession of firearms in furtherance of a trafficking offense, conspiracy, and could involve charges that include the a death of a person related to the charged drug trafficking offense. Further, Mr. Player is a very young man and, while having a serious criminal record, also has a number of accomplishments including participation in the *U.S. Job Corps* and completion of his GED.

The Court has also considered the interests of justice. Appointing a second attorney would further the interests of justice as it appears that defendant has in front of him a Rule 11(c)(1)(C) plea that he does not yet fully understand. The ability to fully understand that Plea offer as well as his other options is critical as the public's interest is not in whether defendant decides to accept or reject the Plea, but that Mr. Player makes his decision knowingly and voluntarily. <u>Boykin v. Alabama</u>, 395 U.S. 238, 243, n.5 (1969) (noting that "'if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it

cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.'" (citation omitted)).

Finally, the Court has consulted with the Federal Defender concerning this issue, and he recommends appointment of Ms. Mekka Jeffers-Nelson, who is also a skilled attorney and who the Court knows will assist the defendant and present counsel in discussing the case and all of defendant's options. Thus, the Court concludes in accordance with § 230.53.20(a) that this is an extremely difficult case and that the interests of justice discussed herein support appointment of a second attorney.

## ORDER

**IT IS, THEREFORE, ORDERED** that, in accordance with GJP, Vol. 7, Ch. 2 at §230.53.20, the Court appoints Ms. Mekka Jeffers-Nelson as second counsel for Mr. Player in this matter.

Signed: April 13, 2018

Max O. Cogburn Jr
United States District Judge