**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00704-MOC
(3:17-cr-00367-MOC-DCK-1)**

| | |
|---|---|
| **ANTHONY LATREL PLAYER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.    BACKGROUND**

On December 27, 2017, Pro Se Petitioner Anthony Latrel Player ("Petitioner") was charged in a Bill of Information with one count of drug trafficking conspiracy with over 100 grams of heroin attributable to Petitioner, all in violation 21 U.S.C. §§ 841(a)(1) and 846 (Count One); one count of aiding and abetting being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Two); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 2 (Count Three). [CR Doc. 1: Bill of Information]. Petitioner agreed to plead guilty to all three counts pursuant to a Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Plea Agreement, therefore, was only binding if the Court accepted the plea and sentencing recommendation therein. [CR Doc. 8: Plea Agreement].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00704-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00367-MOC-DCK-1.

The Government agreed to withdraw the 21 U.S.C. § 851 Information it had filed regarding Petitioner's previous drug felony convictions in exchange for Petitioner's compliance with all terms of the Plea Agreement. [Id. at 2].

In the Plea Agreement, Petitioner stipulated to their being a factual basis for his guilty plea and that Petitioner had read and understood the Factual Basis that was filed with the Plea Agreement. [Id. at 4]. After providing the details of nine different drug transactions involving Petitioner, the Factual Basis states, "[DEA] Agents determined Defendant conspired with others to traffic over 100 grams of heroin, with a firearm, between December 2016 – July 25, 2017, the day of his arrest." [CR Doc. 9 at 2: Factual Basis]. The Factual Basis also provides, in pertinent part, as follows:

> On or about July 25, 2017, around 08:40 AM, … Officers apprehended Defendant hiding inside the closet of his second-floor master bedroom. A laundry basket, containing Defendant's clothing and one (1) loaded Ruger .38 caliber special revolver, were also located inside the closet. Officers also discovered eighteen (18) Xanax pills, $545 (USD), and three (3) driver's licenses belonging to Defendant … on the closet's top shelf….
>
> Agents search the rest of the resident and recovered from the first floor: 2 jars of Marijuana and plastic baggies of Marijuana – totaling 54 grams, 0.7 grams of cocaine, 26 Xanax tablets, 1 digital scale, and one (1) loaded Glock 36, .45 caliber firearm.

[Id. at 4].

A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See CR Doc. 15: Acceptance and Entry of Guilty Plea]. At the plea colloquy, the Court advised Petitioner of the essential elements of each offense to which he was pleading guilty, along with the minimum and maximum penalties he faced. [Id. at 3-6]. Under oath, Petitioner testified that he understood the charges against him, the maximum and minimum penalties, and each element of each offense

2

charged. [Id. at ¶ 10]. Petitioner also testified that he was, in fact, guilty of the offenses charged. [Id. at ¶ 22]. Further, Petitioner attested that there was a factual basis for his guilty plea. [Id. at ¶ 28]. Finally, Petitioner testified that he was "entirely satisfied with the services of [his] attorney." [Id. at ¶ 31].

On August 23, 2018, the Court sentenced Petitioner to a term of 60 months' imprisonment on each of Counts One and Three, to be served concurrently, and 60 months on Count Two, to be served consecutively to the terms imposed for Counts One and Two, for a total term of 120 months' imprisonment. [CR Doc. 29 at 2: Judgment]. Judgment was entered on August 31, 2018. [Id.]. Petitioner did not file a direct appeal from this judgment. Petitioner's conviction, therefore, became final for purposes of his Section 2255 motion on September 14, 2018, fourteen days after judgment was entered. See Fed. R. App. P. 4(b)(1)(A). On September 23, 2019, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. The motion was dated September 7, 2019, and it appears the delay in filing resulted from insufficient postage. [Civil Case No. 3:19-cv-00474-MOC ("CV 3:19"), CV 3:19 Docs. 1, 1-1].

On initial review of Petitioner's first Section 2255 motion to vacate, the Court found that Petitioner had failed to sign the motion under penalty of perjury and ordered that Petitioner return a completed Section 2255 form signed under penalty of perjury by November 14, 2019, or face dismissal of the action without prejudice. [Id., Doc. 2 at 2]. On December 13, 2019, having received no Section 2255 motion in compliance with its Order, the Court dismissed Petitioner's action without prejudice. [Id., Doc. 3]. On December 23, 2019, long after the November 14 deadline, Petitioner filed the pending Section 2255 motion to vacate signed under penalty of perjury. [CV Doc. 1]. Petitioner claims the pending motion is timely.[2] [Id. at 12].

---

[2] The Court assumes for the sake of initial review that the pending motion is timely because the issue is not determinative.

3

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner raises one ground for relief in his motion to vacate. He states:

> The consecutive 60 months for a 924(c)(1)(A). The DEA found a firearm and not the initial drug I was indicted for, which was heroin. A gun without drugs distinguishably is not a 924, it is a 922 G. Have to show how firearm promoted, advanced, move forward predicate offense.
>
> Judicial Notice: New rule of law, Barrett, Davis case.

4

[CV Doc. 1 at 4]. For relief, he asks that the Court vacate his conviction under § 924(c). [Id. at 13]. It appears, therefore, that Petitioner believes his § 924(c) conviction was improperly imposed because heroin was not found in his residence when his was apprehended. In support of this argument, Petitioner baldly cites "new rule of law, Barrett, Davis case." [Id. at 4].

Petitioner has failed to present a colorable claim under Section 2255. Petitioner pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime under § 924(c). Petitioner also pleaded guilty to the drug trafficking crime, which was charged as Count One in the Bill of Information. The Factual Basis for the Plea Agreement, which Petitioner reviewed, understood, and did not dispute any relevant facts thereof, expressly stated that Defendant "conspired with others to traffic over 100 grams of heroin, with a firearm…." [CR Doc. 9 at 2]. There is simply no basis in law to revisit Petitioner's conviction under the facts and circumstances of the underlying criminal proceedings. There is no "new rule of law," as cited by Petitioner, and the Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319 (2019), does not apply.[3] Petitioner's conviction can and will not be vacated simply because heroin was not found in Petitioner's home when he was apprehended. Petitioner has presented no grounds supporting relief under Section 2255.[4]

The Court, therefore, denies and dismisses Petitioner's motion.

---

[3] The Court cannot surmise what "Barrett" is or how it relates to Petitioner's motion.

[4] To the extent Petitioner intended to base his motion on ineffective assistance of counsel, it also fails. The plain language of the Plea Agreement and the Factual Basis and Petitioner's sworn testimony at the plea colloquy preclude Petitioner from prevailing on such a claim here. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). Further, Petitioner has not shown that proceeding to trial would have been objectively reasonable. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc.1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 11, 2020

Max O. Cogburn Jr.
United States District Judge