# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:21-cv-31-MOC
### (3:17-cr-367-MOC-DCK-1)

| | |
|---|---|
| ANTHONY LATREL PLAYER,      ) | |
| ) | |
| Petitioner,      ) | |
| ) | **ORDER** |
| v.      ) | |
| ) | |
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Respondent.      ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on *pro se* Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition which must be dismissed for lack of jurisdiction.

## I.  BACKGROUND

Petitioner pleaded guilty in the underlying criminal case to: conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841; possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting the same in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon and aiding and abetting the same in violation of 18 U.S.C. § 922(g). (3:17-cr-367 ("CR") Doc. No. 29).  In a Judgment entered on August 31, 2018, the Court adjudicated Petitioner guilty and sentenced him to a total of 120 months' imprisonment followed by four years of supervised release. (CR Doc. No. 29).  Petitioner did not appeal.

Petitioner filed a § 2255 Motion to Vacate in 2019, case number 3:19-cv-474-MOC, that

1

was dismissed without prejudice for lack of prosecution.

Petitioner then filed a second § 2255 Motion to Vacate that was dismissed and denied, case number 3:19-cv-704-MOC. Player v. United States, 2020 WL 697862 (W.D.N.C. Feb. 11, 2020). Petitioner's appeal was dismissed for lack of jurisdiction on November 24, 2020 because the notice of appeal was not timely filed. United States v. Player, 830 F. App'x 109 (4th Cir. 2020).

Petitioner has now filed the instant § 2255 Motion to Vacate in which he argues that he was never properly charged through a grand jury; that there is insufficient evidence to support his convictions; and that counsel provided ineffective assistance. Petitioner asks the Court to vacate his §§ 924(c) and 922(g) convictions and resentence him for the heroin offense.

## II.     STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or

successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without such pre-filing authorization, the district court lacks jurisdiction to consider a successive application. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015). A second-in-time § 2255 motion will not, however, be successive when "the facts relied on by the movant seeking resentencing did not exist when numerically first motion was filed and adjudicated." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014).

The Petitioner does not provide any indication that he has received authorization from the Fourth Circuit Court of Appeals to file this motion or that his claims were not previously ripe. Instead, he attempts to assert claims that appear to have been available during his prior § 2255 proceeding. Accordingly, the Petitioner's motion is an unauthorized successive § 2255 Motion to Vacate and it will be dismissed for lack of jurisdiction.

### III. CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

3

Sentence by a Person in Federal Custody, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction.

2.  **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3.  The Clerk is instructed to close this case.

Signed: February 2, 2021

Max O. Cogburn Jr
United States District Judge

4