UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-367-MOC-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| ANTHONY LATREL PLAYER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's motion to reduce sentence under 18 U.S.C. § 3582. (Doc. No. 64, 65). Defendant also for sentence reduction under Section 404 of the First Step Act of 2018 and Amendment 821 to the United States Sentencing Guidelines. The Court will deny Defendant's motion.

**I.  Background**

In December 2017, the United States Attorney filed a Bill of Information charging Defendant with conspiracy to distribute and to possess with intent to distribute more than 100 grams of heroin, 21 U.S.C. § 846; possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 1). Three months later, Defendant entered into a plea agreement with the United States pursuant to Fed. R. Crim. P. 11(c)(1)(C) and agreed to plead guilty to all three offenses. (Doc. No. 8). The parties agreed that the Court should sentence Defendant to 120 months in prison under Rule 11(c)(1)(C). (Id. ¶ 7).

The Court accepted the parties' plea agreement. The probation office submitted a presentence report, determining that the Sentencing Guidelines advised a sentence between 46 and 57 months imprisonment for the drug-trafficking and felon-in-possession offenses, without

1

application of the mandatory-minimum sentence. (Doc. No. 26 ¶ 83). The probation office assessed Defendant four criminal-history points based on his prior convictions. (Id. ¶ 58).

The Court sentenced Defendant to 60 months in prison for the drug-trafficking and felon-in-possession offenses, and to a consecutive term of 60 months imprisonment for the § 924(c) firearm offense. (Doc. No. 29 at 2). Defendant now asks this Court to reduce his sentence.

## II. Legal Standard

### a. 18 U.S.C. § 3582

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." Section 3582(c)(1)(A) also requires a defendant to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Sentencing Commission's policy statement applicable to compassionate-release requests is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence."

### b. Section 404 of the First Step Act

Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under section 404 of the First Step Act, unless they have already moved for relief under section 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also Section 404(c) of the First Step Act, 132 Stat. at 5222.

3

### c. Amendment 821

Amendment 821 made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not

4

receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III. Analysis**

    **a. 18 U.S.C. § 3582**

In support of his motion for compassionate release under § 3582, Defendant moves the Court to consider the sentence he would receive for his offense today. Specifically, Defendant

5

suggests that heroin trafficking is not a "drug trafficking crime" sufficient to support his conviction for possessing a firearm in furtherance of a drug-trafficking offense under 18 U.S.C. § 924(c). See (Doc. No. 46 at 6–7). Defendant is mistaken. Section 924(c) defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act," 21 U.S.C. §§ 901–904. Defendant's drug-trafficking offense of conviction—conspiracy to distribute or to possess with intent to distribute heroin—is a felony offense punishable under the Controlled Substances Act. See 21 U.S.C. § 846. Today, as when Defendant was convicted, Defendant's drug-trafficking offense is sufficient to support his Section 924(c) firearm conviction. Defendant thus fails to show an extraordinary and compelling circumstance warranting compassionate release under § 3582, and his motion will be denied.

      b. **Section 404 of the First Step Act**

Defendant is ineligible for sentence reduction under Section 404 of the First Step Act because he was not sentenced under 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii). See Wirsing, 943 F.3d at 186. Those provisions punish defendants convicted of crack cocaine offenses. Here, Defendant was punished based on the marijuana equivalency of four other controlled substances: marijuana, powder cocaine, heroin, and Xanax. (Doc. No. 26 ¶ 30). Because Defendant was not convicted of an offense involving crack cocaine for which the Fair Sentencing Act altered the sentencing ranges applicable to his offense, he is ineligible for sentence reduction under the First Step Act, and his motion will be denied.

      c. **Amendment 821**

Defendant is likewise ineligible for sentence reduction under Amendment 821. The probation office did not assess Defendant points for committing his offense while under a criminal justice sentence, rendering Defendant ineligible under Part A of Amendment 821. And

Defendant was assessed four criminal history points, rendering him ineligible under Part B, Subpart 1. Thus, Defendant's motion for sentence reduction under Amendment 821 will be denied.

### IV. Conclusion

Because Defendant fails to identify extraordinary and compelling reasons justifying compassionate release under § 3582, and is ineligible for sentence reduction under Section 404 of the First Step Act and Amendment 821, Defendant's motion will be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence under 18 U.S.C. § 3582, (Doc. No. 64), is **DENIED**.

Signed: May 14, 2024

Max O. Cogburn Jr.
United States District Judge